UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DR. GERALD FINKEL, et al.,

                        Plaintiffs,
    -against-                                      ORDER
                                                        10-CV-4319 (JG) (SMG)
UNALITE ELECTRIC & LIGHTING LLC, et al.,

                        Defendants.
----------------------------------------------------------------X
Gold, S., *United States Magistrate Judge*:

      Plaintiff brings this action against various related corporations seeking amounts due to various employee benefit funds from thirteen corporations.  These corporations are solely owned by Courtney Dupree.  Dupree is a defendant in *Unites States v. Dupree,* 10-CR-627 (KAM), a criminal case pending before this Court.

      The corporate defendants have moved for a stay of this civil action because of the criminal case pending against their principal.  Defendants argue that their funds have been frozen and that they cannot afford to retain counsel to defend them in this civil case.[1]  Howard Aff., Docket Entry 72-3, ¶ 23, 26.  Defendants further contend that their documents have been seized and are not available to them.  *Id.* ¶ 27.

      The trial of Dupree's criminal case is scheduled to begin on December 5, 2011.  Defendants argued that a stay pending the conclusion of the criminal trial would not prejudice plaintiff because the trial would likely be concluded before the end of the year.  Although the prosecution requested an adjournment of the trial, that request was denied by United States District Judge Matsumoto earlier today.

---

[1] I note that, as a matter of law, a corporation must be represented by counsel and may not proceed *pro se. See,e.g., Rowland v. California Men's Colony*, 506 U.S. 194,202-03 (1993); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20 (2d Cir. 1983).

The rights plaintiff seeks to enforce are significant ones. On the other hand, if a stay is denied, default seems inevitable, and "the law favors, as a matter of high policy, that disputes be settled on their merits." *U.S. Commodity Futures Trading Commission v. Musorofiti*, 2007 WL 2089388, at *5 (E.D.N.Y. July 17, 2007) (citation omitted). While the parties have not said much about it in their papers, it seems reasonable to think that, if Dupree is acquitted, the corporate defendants may have access to their documents and the funds on deposit in their bank accounts. Moreover, the trial is scheduled to commence soon, and the stay sought is accordingly of fairly limited duration.

For these reasons, the application for a stay is granted until February 15, 2012. If the corporate defendants have not by then appeared through counsel, plaintiff may seek entry of their default and move for a default judgment. Moreover, this stay does not preclude any party from issuing subpoenas for documents to non-parties while the stay is in effect.

SO ORDERED.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
November 16, 2011

U:\Finkel v Unalite stay.docx